SMITH, Respondent, vs. LENZ and another, Appellants.

*October 27—November 15, 1910.*

*Contracts: Construction: Attorneys at law: Rebate of fees.*

A contract between an attorney and persons against whom he has claims for collection and in process of foreclosure, that he will procure for them a loan wherewith to pay the claims and will endeavor to obtain a reduction of the claims, does not carry with it a duty on the part of the attorney to rebate the attorney fees due him from the creditors.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

For the appellants there was a brief by *Sanborn, Lamoreux & Pray,* attorneys, and *Horace B. Walmsley,* of counsel, and oral argument by *Mr. Walmsley.*

*W. Stanley Smith,* respondent, in person.

TIMLIN, J. The plaintiff, an attorney, had in his hands for collection three several claims for three different persons against the defendants. One of these claims was in process of foreclosure. The defendants then agreed with the plaintiff to pay him $25 if he would procure for them a loan to be secured by mortgage to enable them to pay off the claims in plaintiff's hands. The defendants testified that plaintiff was also to procure for them such reduction as he could on the claims in his hands. These claims aggregated about $1,700. In this action by the plaintiff for a balance due him from defendants the trial court directed a verdict for the plaintiff, and the defendants contend that the cause should have gone to the jury on the proposition that under the foregoing arrangement they must have as an offset to plaintiff's demand the advantage of whatever attorney fees he received from his said three clients, because this amounted to a reduction of these claims. One of the appellants testified: "He [plaintiff]

didn't exactly say that he would give us all his fees. . . . He didn't say he wouldn't charge anything for collection and that he would give us what he would otherwise charge. I did not understand that he was going to give us his fee." He also testified that the plaintiff represented that one of his clients, the Port Huron Threshing Machine Company, required $1,000, having made a reduction of $190, and that thereafter he received a letter from this company that they were satisfied with $850 net, defendants to pay the collection fees. The other appellant testified that after he had been informed by plaintiff that this company would accept $1,000, he told plaintiff to write again and see if he could get it down lower, which plaintiff agreed to do. Plaintiff afterward informed him that $1,000 was the minimum of this claim and charged him up $1,000 out of the loan which was procured for the defendants by the plaintiff, but remitted to the Port Huron Company only $850. According to this witness he knew the plaintiff was acting as attorney for these creditors of his when he employed the plaintiff to procure the loan, but he believed that for $25 the plaintiff would procure the loan and would not act for those different companies after that. Plaintiff never told him that he would stop acting for his clients. There was no conversation about that. He understood he was to pay $25 to get this loan, and he did not know who was to pay the plaintiff his collection fees on these three claims. He supposed the $25 covered the whole business, but there was nothing said to that effect.

We see nothing in this calling for a submission to the jury of this peculiar claim of the defendants to recover from the plaintiff the attorney fees earned by the latter. There is no express agreement to that effect testified to, and the jury could not infer such an agreement from any evidence appearing in this case.

*By the Court.*—The judgment of the circuit court is affirmed.